OPINION
{¶ 1} Defendant-appellant Joseph Alicie appeals his convictions and sentences in the Knox County Court of Common Pleas, for one count of trafficking in heroin in violation of R.C. 2925.03 (A), and one count of possession of heroine in violation of R.C. 2925.11 (A). The plaintiff-appellee is the State of Ohio.
 {¶ 2} Appellant had recently moved into the residence of Nicole Hogan at 9201/2 West High Street, Mount Vernon, Ohio. On the evening of Sunday, May 11, 2003, and into the morning of Monday, May 12, 2003, appellant attended a party at the residence. In addition to Ms. Hogan, Simon Boucher and Dusty Serio were also in attendance at the party.
 {¶ 3} Prior to the commencement of the party, appellant and Ms. Hogan traveled to Columbus, Ohio to purchase drugs. Appellant supplied heroin for the use of the individuals at the party. Appellant admitted to the police that he was using heroin that day. He further told his ex-fiancé Paige Black that he furnished heroin to Ms. Hogan. Simon Boucher testified he used that which was supplied to him by the appellant. Mr. Boucher further stated that he witnessed appellant administer heroin to the decedent.
 {¶ 4} At some time during the morning on May 12, 2003, Nicole Hogan developed breathing difficulties. Appellant and Mr. Boucher placed Ms. Hogan in an automobile to transport her to Knox County Hospital. Appellant drove the vehicle while Mr. Boucher was in the back seat performing CPR on Ms. Hogan. On his way to the hospital, appellant stopped the vehicle on East Chestnut Street in Mount Vernon at the scene of a downed tree and electrical power lines. Patrolman Travis Tharp of the Mount Vernon Police Department was at the scene. Appellant and Mr. Boucher informed the patrolman that Ms. Hogan had stopped breathing. Patrolman Tharp called for the paramedics and took her pulse as Mr. Boucher continued to perform CPR. Patrolman Mark Perkins of the Mount Vernon Police Department arrived on the scene and along with Patrolman Tharp removed Ms. Hogan from the vehicle. Patrolman Perkins and Mr. Boucher continued to perform CPR on Ms. Hogan until the arrival of the paramedics. Ms. Hogan was transported to Knox Community Hospital where she died. An autopsy performed by the Franklin County Coroner stated the cause of death was exposure to cocaine. At the scene appellant was placed in a patrol car. Appellant asked for permission to call his sister using the cell phone that was in the car he had been driving. The police gave appellant permission to call his sister. Subsequent to the phone call, appellant's demeanor changed. His eyes were going in different directions and he was foaming at the mouth. Officers testified that they believed appellant was suffering from a drug overdose. A second paramedic unit was summoned to the scene and appellant was transported to the hospital.
 {¶ 5} The police searched the residence at 920 ½ West High Street, Mount Vernon, Ohio. During their search various items of drug paraphernalia including syringes were found in the residence.
 {¶ 6} Subsequent to the first police search of the apartment, the landlord began to pack up the items in the apartment to ready it for re-rental. Mr. Gates, his wife and step-daughter set about the task of cleaning the apartment. Mr. Gates' wife found in the bedroom under a pile of clothes, a bag containing white powder. In the kitchen, Mr. Gates found underneath a bag of potatoes, another bag of white powder. Mr. Gates called the police to come back to the scene to investigate what he and his wife had found.
 {¶ 7} Before the police arrived, appellant accompanied by a man and a woman appeared at the apartment. Appellant was dressed in a hospital gown. Mr. Gates testified that the appellant wanted to get into the bedroom. At one point, appellant did make it into the bedroom and had retrieved the bag of white powder. Appellant was physically restrained by Mr. Gates who told him "Put the God dam stuff down or I am going to physically remove you". Mr. Gates further testified that appellant kept making excuses to go in to the kitchen of the residence. A third bag of off-white powder was located by Patrolman Haver on the floor of the bedroom closet.
 {¶ 8} Beverly Wiltshire of the Ohio Bureau of Criminal Identification and Investigation testified the bag that was found in the bedroom closet at the scene contained 1.14 grams diazepam. A second bag found under the pile of clothing in the bedroom at the scene contained 11.98 grams of heroin. The third bag found in the kitchen at the scene did not contain any controlled substance.
 {¶ 9} Appellant was indicted by the Knox County Grand Jury on one count of involuntary manslaughter in violation of R.C. 2903.04 (A); one count of trafficking in cocaine in violation of R.C. 2925.03 (A) (1); one count of possession of cocaine in violation of R.C. 2925.11 (A); one count of trafficking in heroin in violation of R.C. 2925.03 (A) (1); and one count of possession of heroin in violation of R.C. 2925.11 (A). The trial court granted appellant Crim. R. 29 motions for acquittal at the end of the State's case and dismissed the involuntary manslaughter charge, the trafficking in cocaine charge and the possession of cocaine charge. At the conclusion of the trial, appellant was found guilty on the trafficking and heroin charge and the possession of heroin charge. Appellant filed a motion for acquittal after the verdict and a motion for a new trial. The trial court denied both of these motions by order dated July 19, 2004.
 {¶ 10} The trial court sentenced appellant to 11 months on the trafficking in heroin charge and 5 years on the possession of heroin charge. The sentences are to be served concurrently. Appellant was also assessed a $7,500 fine on the possession charge and a mandatory operator's license suspension of 5 years.
 {¶ 11} Defendant-appellant timely filed a notice of appeal and has set forth the following three errors for our consideration:
 {¶ 12} "I. The trial court erred in denying the defendant's motion for acquittal pursuant to Crim. R. 29 as it pertains to the trafficking in heroin charge.
 {¶ 13} "II. The trial court erred in denying the defendant's motion for acquittal pursuant to Crim. R. 29 as it pertains to the possession of heroin charge.
 {¶ 14} "III. The trial court erred in denying the defendant's motion for new trial pursuant to Crim. R. 33."
 I. II. {¶ 15} Prior to addressing the merits of appellant's appeal, we begin by noting that appellee did not file a brief in this matter. Pursuant to App.R. 18(C), in determining the appeal, we may accept appellant's statement of the facts and issues as correct, and reverse the judgment if appellant's brief reasonably appears to sustain such action. See State v.Rohrig (Apr. 2, 2001), Fairfield App. No. 00 CA 39, unreported andChowdhury v. Fitzgerald (Mar. 27, 1997), Guernsey App. No. 96 CA 43, unreported. Therefore, we presume the validity of appellant's statement of facts and issues.
 {¶ 16} In his First Assignment of Error, appellant argues that the trial court erred in denying his Crim. R. 29 motion for acquittal on the trafficking in heroin charge. In his Second Assignment of Error, appellant contends that the trial court erred in denying his Crim. R. 29 motion for acquittal on the possession of heroin charge. We will address these assignments of error together.
 {¶ 17} At the outset we note that appellant did not make a motion for acquittal in the trial court on either the trafficking in heroin or the possession of heroin counts. Specifically, the record notes the following exchange between appellant's trial counsel and the trial judge:
 {¶ 18} "Mr. Homer: Judge, we obviously have to deal with the heroin question, but finally, then, there's only — we are not making Rule 29 motions regarding the heroin, because we do, in fact, understand that the State has heroin in evidence . . . I'm just advising the Court that we're not asking for Rule 29 motions regarding the heroin in light of the fact, there is, in fact, heroin in evidence . . ." (2T. at 385-386).
 {¶ 19} "In order to preserve the right to appeal the sufficiency of evidence upon which a conviction is based, a defendant must timely file a Crim. R. 29 motion for acquittal with the trial court." State v. Perry
(Aug. 29, 1997), Trumbull App. No. 94-T-5165, unreported, 1997 WL 590789, at 10, citing State v. Roe (1989), 41 Ohio St.3d 18, 25,535 N.E.2d 1351. Therefore, "[i]f a Crim. R. 29 motion is not made by a defendant, he or she waives any sufficiency of evidence argument on appeal." Id.; see also State v. Roe (1989), supra. (holding that when "appellant failed to timely file a Crim. R. 29 motion for acquittal . . . and thus failed to preserve his arguments on appeal . . .").
 {¶ 20} In the case sub judice, appellant failed to make a motion for acquittal with respect to the trafficking in heroin and the possession of heroin counts. Therefore, appellant did not preserve his right to appeal based upon insufficient evidence.
 {¶ 21} However, even if we were to consider appellant's sufficiency argument, we would find that the same lacks merit.
 {¶ 22} The Supreme Court has explained the distinction between claims of sufficiency of the evidence and manifest weight. Sufficiency of the evidence is a question for the trial court to determine whether the State has met its burden to produce evidence on each element of the crime charged, sufficient for the matter to be submitted to the jury.
 {¶ 23} Manifest weight of the evidence claims concern the amount of evidence offered in support of one side of the case, and is a jury question. We must determine whether the jury, in interpreting the facts, so lost its way that its verdict results in a manifest miscarriage of justice, State v. Thompkins (1997), 78 Ohio St. 3d 387, citations omitted. On review for manifest weight, a reviewing court is "to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 24} In State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541, the Ohio Supreme Court held "[t]o reverse a judgment of a trial court on the basis that the judgment is not sustained by sufficient evidence, only a concurring majority of a panel of a court of appeals reviewing the judgment is necessary." Id., paragraph three of the syllabus. However, to "reverse a judgment of a trial court on the weight of the evidence, when the judgment results from a trial by jury, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required." Id., paragraph four of the syllabus; State v. Miller (2002),96 Ohio St.3d 384, 2002-Ohio-4931 at ¶ 38, 775 N.E.2d 498.
 {¶ 25} In the case at bar, appellant was convicted of trafficking in heroin in violation of R.C. 2925.03(A). Said section states: "(A) No person shall knowingly do any of the following: (1) Sell or offer to sell a controlled substance." Appellant was also convicted of possession of heroin in violation of R.C. 2925.11(A), which states: "(A) No person shall knowingly obtain, possess, or use a controlled substance." The culpable mental state of "knowingly" is defined as follows: "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 26} We find, upon our review of the evidence in this matter that appellant's convictions for trafficking in heroin and possession of heroin were not against the sufficiency or manifest weight of the evidence.
 {¶ 27} Appellant admitted to Officer Jeffrey Jacobs of the Mount Vernon Police Department that he was ingesting heroin on the date in question. (1T. at 237). He further admitted in a later interview with Officer Jacobs that he had gone to Columbus, Ohio earlier in the day to purchase heroin. (Id. at 240). Appellant further admitted that he had been living at the apartment with the decedent. (1T. at 237).
 {¶ 28} Appellant told his ex-fiancé, Paige Black that he furnished heroin to the decedent. (2T. at 370-71). Simon Boucher testified that he used heroin that was supplied to him by appellant. (Id. at 332; 334). Mr. Boucher testified that appellant was giving the drugs out freely to all who wanted them that were in attendance at the home. (Id. at 334). Mr. Boucher further stated that he witnessed appellant administer heroin to the decedent. (Id. at 335-36).
 {¶ 29} R.C. 3719.01(EE), includes gifts in the definition of "sale." The evidence at trial established that appellant gave the heroin which was the subject of the indictment to the decedent and to the state's witnesses. Further there is ample evidence in the record to show beyond a reasonable doubt that appellant had obtained, used or possessed heroin. Construing the evidence in appellant's favor, we find that any rational trier of fact could have found that appellant knowingly sold or offered to sell heroin and that appellant knowingly obtained, used or possessed heroin. We hold, therefore, that the state met its burden of production regarding each element of the crimes of trafficking in heroin and possession of heroin and, accordingly, there was sufficient evidence to support appellant's convictions.
 {¶ 30} Although appellant cross examined each witness in an attempt to place the blame for providing the drugs on one of the other party's present at the apartment, the jury was free to accept or reject any and all of the evidence offered by the appellant and assess the witness's credibility. Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. State v. Jenks (1991), 61 Ohio St. 3d 259, 574 N.E. 2d 492.
 {¶ 31} We conclude the jury, in resolving the conflicts in the evidence, did not create a manifest miscarriage of justice so as to require a new trial. Viewing this evidence in a light most favorable to the prosecution, we further conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant knowingly sold or offered to sell heroin and that appellant knowingly obtained, possessed, or used heroin. Accordingly, appellant's convictions for trafficking in heroin and possession of heroin were not against the manifest weight of the evidence.
 {¶ 32} Appellant's First and Second Assignments of error are overruled.
 III. {¶ 33} In his Third Assignment of Error appellant argues that the trial court erred when it failed to grant his motion for a new trial based upon newly discovered evidence.
 {¶ 34} "To warrant the granting of a motion for a new trial on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result of a new trial if granted; (2) has been discovered since the trial; (3) is such as could not in the exercise of due diligence have been discovered before the trial; (4) is material to the issues; (5) is not merely cumulative to former evidence; and (6) does not merely impeach or contradict the former evidence." State v. Petro (1947),148 Ohio St. 505, syllabus.
 {¶ 35} Appellant presented to the trial court as newly discovered evidence the fact that the State did not disclose to the appellant prior to trial that Nicole Hogan was HIV positive.
 {¶ 36} The trial court in the case at bar granted appellant's motions for acquittal on the involuntary manslaughter, possession of cocaine and trafficking in cocaine counts of the indictment. (2T. at 381-82; 385; 386). Accordingly, the only issues before the jury in this case were whether appellant knowingly sold or offered to sell heroin and whether appellant knowingly obtained, possessed, or used heroin. The fact that the decedent was HIV positive is irrelevant to these issues. There is no probability that disclosing the fact that Ms. Hogan was HIV positive to the jury would in any way change the result of a new trial if a new trial were granted.
 {¶ 37} Appellant's Third Assignment of Error is overruled.
 {¶ 38} For the foregoing reasons the judgment of the Knox County Court of Common Pleas is hereby affirmed.
By Gwin, J., Boggins, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, reasons the judgment of the Knox County Court of Common Pleas is hereby affirmed. Costs to appellant.