OPINION
{¶ 1} Appellant Brien Carrothers appeals from his conviction for drug possession in the Tuscarawas County Court of Common Pleas. The appellee is the State of Ohio.
 {¶ 2} Appellant was indicted by the Tuscarawas County Grand Jury for possession of cocaine, a fifth-degree felony, and possession of alprazolam, a third degree misdemeanor. The matter proceeded to a jury trial on August 3, 2004. The jury returned guilty verdicts as to both counts. Appellant was sentenced to community control sanctions on September 23, 2004. On October 18, 2004, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 3} "I. INSUFFICIENT EVIDENCE WAS PRESENTED TO THE JURY TO CONVICT THE APPELLANT OF DRUG POSSESSION.
 I. {¶ 4} In his sole Assignment of Error, appellant argues his conviction for drug possession was not supported by sufficient evidence.[1] We disagree.
 {¶ 5} In considering an appeal concerning the sufficiency of the evidence, our standard is as follows: "* * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492. The statute at issue, R.C. 2925.11(A), reads in pertinent part as follows: "(A) No person shall knowingly obtain, possess, or use a controlled substance." Appellant does not herein challenge the identity of the substance as mixed cocaine and alprazolam; the issue before us thus centers on whether he "knowingly possessed" the drugs found in his vehicle.
 {¶ 6} The evidence in the record reveals that Trooper Robert Chapman responded to a report of an automobile accident on a rural road in the dawn hours of August 31, 2003. A nearby resident made the call at about 5:43 AM on that morning, after appellant had come to his house for assistance. Trooper Chapman arrived at the scene at 6:10 AM, noting appellant's pickup had left the roadway and damaged a telephone pole. Appellant had been driving home alone. The trooper later opined that appellant was "under the influence of something." Tr. at 109. Appellant told the officer he had swerved to avoid a couple of deer. Tr. at 108. Appellant also told the officer he was presently taking prescription depression medication and that the pill bottle was in the truck. Upon searching the vehicle, the trooper pulled down the center armrest and found the pill bottle tucked in the seat folds. Right next to it was a small cellophane package containing bluish powder, later identified as the cocaine/alprazolam mixture. Appellant denied knowing anything about the cellophane package. Tr. at 122.
 {¶ 7} Under Ohio law, in order to establish constructive possession of illegal drugs, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. State v. Wolery
(1976), 46 Ohio St.2d 316, 332, 348 N.E.2d 351. Dominion and control may be proven by circumstantial evidence alone. State v. Trembly (2000),137 Ohio App.3d 134, 738 N.E.2d 93. Circumstantial evidence that the defendant was located in very close proximity to readily usable drugs may show constructive possession. State v. Barr (1993), 86 Ohio App.3d 227,235, 620 N.E.2d 242, 247-248.
 {¶ 8} Appellant points out twenty-seven minutes passed before the trooper arrived, and that he made no attempt to flee or get rid of the drugs during that time frame. He further contends he presented evidence that his car had been in a repair shop for about two weeks shortly before the accident, and that his door locks had not been working. However, we find these arguments unpersuasive under appellant's sufficiency of the evidence claim, in light of the countervailing circumstantial evidence regarding the presence of the drug package in the seat of appellant's vehicle, in the immediate proximity of his regularly-accessed pill bottle. Upon review of the record and transcript in a light most favorable to the prosecution, we find that a reasonable finder of fact could find the elements of the offense of drug possession proven beyond a reasonable doubt.
 {¶ 9} Accordingly, appellant's sole Assignment of Error is overruled.
 {¶ 10} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is affirmed.
Wise, J. Boggins, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
Costs to appellant.
[1] The record does not demonstrate that appellant made a motion for acquittal in this case. We have previously held that if a Crim.R. 29 motion is not made by a defendant to the trial court, he or she waives any "sufficiency of the evidence" argument on appeal. State v. Alicie,
Knox App. No. 04-CA-000020, 2005-Ohio-1758, ¶ 19, citing State v. Perry
(Aug. 29, 1997), Trumbull App. No. 94-T-5165. In the case sub judice, we will nonetheless address the merits of appellant's sole claim in the interest of justice. See, also, State v. Jones, 91 Ohio St.3d 335, 345,2001-Ohio-57.