OPINION
{¶ 1} Defendant-appellant, Jontavous Mann, appeals his conviction in the Clermont County Court of Common Pleas for the crime of tampering with evidence.
 {¶ 2} Appellant was charged with tampering with evidence, under R.C.2921.12, after he was accused of throwing a handgun out of a car while driving away from an altercation at an apartment complex in Milford, Ohio.
 {¶ 3} Appellant's case was tried to a jury, which found him guilty of the charge. After *Page 2 
receiving his sentence, appellant appealed his conviction, presenting two assignments of error to this court.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "APPELLANT'S CONVICTION OF TAMPERING WITH EVIDENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]"
 {¶ 6} Appellant was charged with R.C. 2921.12(A), which states that no person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following: (1 ) "Alter, destroy, conceal, or remove any record, document, or thing, with the purpose to impair its value or availability as evidence in such proceeding or investigation[.]"
 {¶ 7} R.C. 2901.22(A) states that "[a] person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."
 {¶ 8} Appellant argues under this assignment of error that there was no evidence that he knew a criminal investigation was occurring, and no evidence that he acted with the purpose to impair an official investigation when he discarded the handgun.
 {¶ 9} A court considering whether a conviction is against the manifest weight of the evidence must review the entire record, weighing the evidence and all reasonable inferences, and consider the credibility of witnesses. State v. Hancock, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 39. The question is "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id., quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also,State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52; State v.Blanton, Madison App. No. CA2005-04-016, 2006-Ohio-1785, ¶ 7. *Page 3 
 {¶ 10} A unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required to reverse a judgment of a trial court on the weight of the evidence in a jury trial.Thompkins at 389. "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id., at 387.
 {¶ 11} Knowledge that a criminal investigation is under way or is imminent, is based upon a reasonable person standard. State v.Edwards, Erie App. No. E-01-010, 2003-Ohio-6372, ¶ 69. The focus is on the intent of the defendant rather than the purpose of the criminal investigation. State v. Moore (Jan. 20, 1992), Scioto App. No. 91CA1966;Edwards.
 {¶ 12} In the case at bar, a police officer testified that he was dispatched to an apartment complex late one evening to investigate "a B E [breaking and entering] in progress with a fight, two gentlemen armed with handguns."
 {¶ 13} The officer testified that as he approached the parking lot of the complex, a man stopped him and pointed to a white vehicle that had just exited the complex parking lot. The man told the officer that the person in the white car had a handgun and threatened to shoot him.
 {¶ 14} The officer testified that he drove up the street after the white vehicle and caught up to the car as the driver, appellant, was completing a "u-turn" in a business parking lot on the same street.
 {¶ 15} Upon stopping the vehicle, officers found an empty gun case and several rounds of ammunition scattered on the passenger-side floorboard. Appellant was alone in the car. After receiving his Miranda
warnings,[1] appellant told police that he had thrown a handgun out of the window of the car after he left the apartment complex. Police recovered a handgun in *Page 4 
the yard of a house on the street a short distance from the complex.
 {¶ 16} Appellant provided a written statement in which he said that he was sitting in his girlfriend's car when a man walked up and hit him in the lip. Appellant wrote, "I drive off [,] see the police[;] my girl[ ]exboyfriend had a gun in the car[;] I throw it out of fear[;] I'm sorry but I could not go down for it."[2]
 {¶ 17} In reference to appellant's assertion there was no evidence he knew about an investigation, the record indicates that appellant was involved in an altercation at the apartment complex and left the scene. An officer testified that he saw the vehicle appellant was driving leave the parking lot as he approached. Appellant indicated in his statement that he saw the police.
 {¶ 18} A jury could draw the inference that appellant, involved in an altercation, left the scene when he knew police were called or saw police arrive as he was leaving. In other words, there was evidence that appellant knew an official investigation was pending or likely to be instituted when he left the scene and discarded the gun. As we previously noted, the focus is on the intent of the defendant rather than the purpose of the criminal investigation. Moore.
 {¶ 19} Appellant argues that he was the victim in the altercation, which involved a hit, not a gun. Appellant asserts that the state failed to show that he had an intent to impede an investigation by throwing away a handgun.
 {¶ 20} Intent, which lies within the privacy of a person's own thoughts, is not susceptible to objective proof. State v. Prater, Butler App. No. CA2006-01-017, 2006-Ohio-7028, ¶ 26, citing to State v.Garner, 74 Ohio St.3d 49, 60, 1995-Ohio-168. Intent must be inferred from the act itself and surrounding circumstances, including the acts and statements *Page 5 
of the defendant. Prater.
 {¶ 21} Appellant's statement indicates that he was sitting in his girlfriend's car when the altercation took place. A jury could infer that appellant had been previously driving, or at least sitting in the car with the handgun in the vehicle. It was only after the altercation and the call to police that appellant's actions illustrate the urgency with which he wanted to now separate himself from this handgun in the vehicle.
 {¶ 22} Upon careful review of the entire record, weighing the evidence and all reasonable inferences and considering the credibility of the witnesses, we cannot conclude that the jury clearly lost its way when it found appellant guilty of tampering with evidence. The record contained evidence from which the jury could have found that appellant purposely impaired the availability of the handgun, knowing that a criminal investigation was or was likely to take place, because he was not going "to go down for it." See State v. Jones, Summit App. No. 23234,2006-Ohio-6963; ¶ 15 and ¶ 19 (to determine if the purposeful elements exist, defendant's state of mind may be inferred from the totality of the surrounding circumstances); see, also, State v. Moore, Scioto App. No. 91CA1966 (intent requirement of tampering offense can be met whether or not a crime committed; conviction affirmed where defendant attempted to destroy marijuana plants while police responded to defendant's house on attempted suicide call).
 {¶ 23} The jury was in the best position to evaluate the credibility of witnesses and give proper weight to their testimony. See State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Appellant's first assignment of error is overruled.
 {¶ 24} Assignment of Error No. 2:
 {¶ 25} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED RELEVANT EVIDENCE PERTAINING TO THE OPERABILITY OF THE FIREARM[.]"
 {¶ 26} Appellant argues that he was prejudiced when evidence that the firearm had a *Page 6 
gunlock and was inoperable was excluded by the trial court. Appellant asserts that the jury, hearing evidence that the weapon was inoperable, "could have reasonably concluded that the weapon was discarded for reasons unrelated to an official proceeding or investigation at the apartment complex."
 {¶ 27} As we previously noted, tampering with evidence, as evidenced here, required removal of a thing with the purpose to impair its availability as evidence in an investigation in progress or likely to be instituted. The handgun's operable status, or lack thereof, did not alter the proof needed for this particular charge. If appellant believed an inoperable gun would not be detrimental to him, perhaps he would not have tossed it from the vehicle. After the altercation and with police in the vicinity, appellant recognized and acted upon the undesirability of having the handgun with him, regardless of whether it was operable or not.
 {¶ 28} Upon review of the record, we find no abuse of discretion in excluding testimony that the gun was inoperable. See State v. Lyles
(1989), 42 Ohio St.3d 98, 99 (admission or exclusion of evidence lies within the sound discretion of the trial court; where error in the admission of evidence is alleged, unless trial court clearly abused its discretion and defendant materially prejudiced thereby, reviewing court should be slow to interfere). Appellant's second assignment of error is overruled.
 {¶ 29} Judgment affirmed.
YOUNG and BRESSLER, JJ., concur.
[1] Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602.
[2] Appellant's statement contained little or no punctuation; we have added some punctuation where we thought appropriate to do so. *Page 1