OPINION
{¶ 1} Appellant Deshawn Lamonz Bethune appeals from his conviction, in the Stark County Court of Common Pleas, for possession of cocaine, R.C.2925.11(A)(C)(4)(a), a felony of the fifth degree. The relevant procedural facts leading to this appeal are as follows.
 {¶ 2} In January 2006, appellant, on furlough for an earlier felony conviction, failed to return as required to his transitional housing at Oriana House in Akron, Ohio. Parole authorities subsequently obtained a warrant for his arrest. On February 15, 2006, parole officers obtained a tip that appellant was visiting in the vicinity of Broad Street NW in Canton. With the assistance of police officers from the Canton Gang Task Force, appellant was apprehended after a brief chase on foot. During the chase, one of the officers observed appellant toss a small container on the sidewalk. The container, a plastic "Tic-tac" breath mint box, was later tested and found to hold six "unit doses" of crack cocaine, said drugs having a total weight of .94 grams.
 {¶ 3} Appellant was thereafter charged with possession of cocaine, a fifth-degree felony. Appellant entered a plea of not guilty at his arraignment. The matter proceeded to a jury trial on April 24, 2006. At the conclusion of the evidence, the jury returned a verdict of guilty as charged in the indictment. Appellant was thereafter sentenced to twelve months in prison.
 {¶ 4} On May 26, 2006, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 5} "I. THE VERDICT OF THE TRIAL COURT FINDING THE APPELLANT GUILTY OF POSSESSION OF COCAINE WAS AGAINST THE MANIFEST WEIGHT *Page 3 
OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION.
 I. {¶ 6} In his sole Assignment of Error, appellant contends his conviction for cocaine possession was against the manifest weight of the evidence. We disagree.
 {¶ 7} In considering an appeal concerning the manifest weight of the evidence, our standard is as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717. See also, State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175, 485 N.E.2d 717.
 {¶ 8} R.C. 2925.11(A) reads as follows: "No person shall knowingly obtain, possess, or use a controlled substance." In the case sub judice, the State presented the following witnesses in its prosecution of the possession charge: Parole Officer Rick Polinori; Canton Police Officer Shawn Overdorf; and Criminalist Jay Spencer of the Stark County Crime Lab. In the defense case, appellant testified on his own behalf.
 {¶ 9} Parole Officer Polinori testified that he obtained information on the afternoon of February 15, 2006 that appellant was in the Broad Avenue area. With the assistance of Sergeant John Dittmore and Officer Shawn Overdorf, a surveillance position was established. Soon thereafter, appellant was spotted, and Polinori *Page 4 
approached him in his vehicle on a westbound side street. Tr. at 90. Polinori halted his vehicle and told appellant to stop. Polinori recalled that "[appellant] looked at me. I saw an object in his hand. I started to exit my vehicle and he fled on foot." Tr. at 91. Polinori began pursuing appellant, and lost sight of him in the surrounding residential neighborhood. Id. Officer Overdorf then joined in the chase, and appellant soon became trapped in a backyard with a tall fence. Id. At that point, Polinori caught up with appellant, and an arrest was made. Tr. at 91-92.
 {¶ 10} Officer Shawn Overdorf testified next. On February 15, 2006, Overdorf was part of the Canton Police Department's Gang Task Force, and was ordered that afternoon to assist the adult parole authority in their escapee search. Tr. at 112-113. Overdorf obtained information that the suspected escapee was in an alley near Broad Avenue. Overdorf "drove along beside" appellant, until appellant started running through some yards. Tr. at 115. Overdorf observed Polinori running behind appellant; while appellant was still fleeing down the sidewalk, Overdorf saw him toss a "small container" on the concrete. Tr. at 116-117. This event occurred while Overdorf was still driving alongside appellant. Tr. at 117. Overdorf recounted seeing "exactly" where appellant threw his container. Id. About one or two minutes after the apprehension, Overdorf returned to that same spot on the sidewalk and found the Tic-tac box containing several pieces of crack. Tr. at 118-120.
 {¶ 11} Jay Spencer of the Stark Crime Lab also took the stand. He noted that testing revealed .94 grams of cocaine base, a Schedule II substance, located in the Tic-tac box. Tr. at 142. The box itself was analyzed, but "it contained no latent fingerprints of value." Tr. at 143. *Page 5 
 {¶ 12} Appellant testified in his defense that he had indeed run from the officers on the day in question, in part because Polinori was in an unmarked personal vehicle, but he asserted that he was not carrying drugs that day, and that the cocaine identified by the prosecution was not his. Tr. at 158. Appellant presently points out that Polinori did not see anything being thrown from appellant's person, even though Overdorf named Broad Avenue as the location where the "toss" occurred, at a moment in time in which he saw Polinori chasing appellant. Appellant also calls into question the lack of fingerprints on the Tic-tac box, and the absence of any testimony from Sergeant Dittmore at trial.
 {¶ 13} The State properly responds that under Ohio law, in order to establish constructive possession of illegal drugs, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. See, e.g., State v. Carrothers, Tuscarawas App. No. 2004 AP 10 0067, 2005-Ohio-4495, ¶ 7, citing State v. Wolery (1976),46 Ohio St.2d 316, 332, 348 N.E.2d 351. Circumstantial evidence that the defendant was located in very close proximity to readily usable drugs may show constructive possession. Id., citing State v. Barr (1993),86 Ohio App.3d 227, 235, 620 N.E.2d 242, 247-248. However, despite appellant's claims of limitations in the State's case, we hold the evidence in this case could have been interpreted by the jury as even more than mere constructive possession, as the inference could have properly been drawn that the container of cocaine was indeed the object that Parole Officer Polinori had seen appellant possess in his hand moments earlier and that Officer Overdorf had seen appellant throw onto the sidewalk during the rapid sequence of events. *Page 6 
 {¶ 14} Having reviewed the record in the case sub judice, we are unpersuaded by appellant's contention that the jury's verdict led to a manifest miscarriage of justice. As we have often emphasized, the trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212. The jury's verdict was not against the manifest weight of the evidence.
 {¶ 15} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 16} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
 By: Wise, P. J., Edwards, J., and, Delaney, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant. *Page 1