[Cite as *State v. Snyder*, 2011-Ohio-5510.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| THE STATE OF OHIO | JUDGES: |
| | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Julie A. Edwards, J. |
| v. | |
| | Case No. 11 CA 33 |
| RICKEY D. SNYDER JR. | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Criminal Appeal from the Court of Common
                                Pleas, Case No.  10 CR 229


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         October 27, 2011


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

KENNETH OSWALT                       ANDREW T. SANDERSON
PROSECUTING ATTORNEY                 BURKETT & SANDERSON, INC.
BRIAN T. WALTZ                       21 West Church Street
ASSISTANT PROSECUTOR                 Suite 201
20 South Second Street, 4th Floor    Newark, Ohio  43055
Newark, Ohio  43055

*Wise, J.*

{¶ 1}  Appellant Ricky D. Snyder, Jr. appeals his conviction, following a bench trial in the Court of Common Pleas, Licking County, on one count of possession of methamphetamine, one count of tampering with evidence, and one count of possession of marihuana. The relevant facts leading to this appeal are as follows.

{¶ 2}  On May 4, 2010, Newark police officers were dispatched to a residence on West National Drive to respond to a domestic violence call, with a weapon reported. Detective Clint Eskins arrived first. He initially observed appellant and his purported girlfriend, Sarah Glass, standing outside a GMC Jimmy truck in the driveway. As Eskins pulled up, appellant commenced walking away from the GMC, toward a nearby garage. Eskins ordered appellant to return to the driveway area. Appellant ultimately complied with the officer's instructions.

{¶ 3}  A second officer, Arthur Minton, arrived on the scene at about this point in time. Officer Eskins was thus able to go over toward the garage and check the area. When he did, he discovered a plastic bag, appearing to be freshly placed on the ground, containing a white crystalline substance suspected to be methamphetamine. Officer Minton then placed appellant under arrest. The GMC, which appellant admitted to have been driving, was thereupon searched pursuant to police impound policy. In addition, another bag with a lesser amount of suspicious white crystals, suspected to be methamphetamine, was found inside the GMC. A small quantity of marihuana was also discovered in the GMC. Appellant, who was observed with trembling hands and acting nervous, was found to be carrying cash in the amount of $869.00, in denominations of

twenty-dollar bills and less. However, no fingerprints or DNA traces from the methamphetamine bags were ever connected to appellant.

{¶ 4} On May 14, 2010, the Licking County Grand Jury indicted appellant on one count possession of methamphetamine (felony-2), one count of tampering with evidence (felony-3), and one count of possession of marihuana (minor misdemeanor).

{¶ 5} After failing to appear for his initial arraignment, appellant appeared before the trial court on June 1, 2010 and entered a plea of not guilty to all counts.

{¶ 6} A jury trial was ultimately scheduled for March 1, 2011. Prior to opening arguments, appellant waived his right to a jury and asked for a bench trial. The matter was then heard by the court. At the close of the State's case, appellant moved for an acquittal, which the trial court denied.

{¶ 7} After hearing all the evidence, the trial court found appellant guilty on all three counts. Appellant was sentenced to four years in prison for possession of methamphetamine and two years for tampering with evidence, for a total of six years. No incarceration was ordered on the minor misdemeanor of possession of marihuana.

{¶ 8} On March 24, 2011, appellant filed a notice of appeal. He herein raises the following three Assignments of Error:

{¶ 9} "I. THE CONVICTION OF THE DEFENDANT-APPELLANT WAS OBTAINED WITHOUT SUFFICIENT EVIDENCE BEING PRESENTED TO ESTABLISH EACH AND EVERY ELEMENT OF THE OFFENSE OF AGGRAVATED POSSESSION OF DRUGS.

{¶ 10} "II. THE CONVICTION OF THE DEFENDANT-APPELLANT WAS OBTAINED WITHOUT SUFFICIENT EVIDENCE BEING PRESENTED TO ESTABLISH

THAT THE DEFENDANT-APPELLANT POSSESED ILLEGAL NARCOTICS IN THE QUANTITY ALLEGED BY THE INDICTMENT.

{¶ 11} "III.   THE CONVICTION OF THE DEFENDANT-APPELLANT WAS OBTAINED WITHOUT SUFFICIENT EVIDENCE BEING PRESENTED TO ESTABLISH EACH AND EVERY ELEMENT OF THE OFFENSE OF TAMPERING WITH EVIDENCE AS ALLEGED IN THE INDICTMENT."

I., II., III.

{¶ 12} In his First, Second, and Third Assignments of Error, appellant challenges various aspects of his convictions on a claim of insufficient evidence.[1]

*Standard of Review*

{¶ 13} In reviewing a claim of insufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

*Possession of 41.6 Grams of Methamphetamine*

{¶ 14} Appellant first challenges his conviction for possession as to the 41.6 grams of methamphetamine found by law enforcement officers in the yard near the garage.

{¶ 15} R.C. 2925.11(A) states: "(A) No person shall knowingly obtain, possess, or use a controlled substance."

---

[1]   We note appellant has not specifically herein challenged the identity of the illegal drugs at issue.

{¶ 16} In order to establish constructive possession of illegal drugs, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. See, e.g., *State v. Carrothers,* Tuscarawas App.No. 2004 AP 10 0067, 2005-Ohio-4495, ¶ 7, citing *State v. Wolery* (1976), 46 Ohio St.2d 316, 332, 348 N.E.2d 351. Circumstantial evidence that the defendant was located in very close proximity to readily usable drugs may show constructive possession. *Id.,* citing *State v. Barr* (1993), 86 Ohio App.3d 227, 235, 620 N.E.2d 242, 247-248. It is well-established that circumstantial evidence has the same probative value as direct evidence. See, e.g., *State v. Pryor,* Stark App.No. 2007CA00166, 2008-Ohio-1249, ¶ 34, citing *Jenks*, supra.

{¶ 17} In the case sub judice, the evidence demonstrated that appellant abruptly began walking toward the garage as the first police officer, Detective Eskins, arrived. He then stopped at the corner of the garage, paused, and turned back around. Officer Minton thereafter observed appellant to be nervous and trembling. A bag of methamphetamine was soon discovered at the spot near the garage where appellant had stopped and turned around. In addition, a non-police witness observed appellant suspiciously drop something to the ground near the corner of the garage. See Garrett Hylton testimony, Tr. at 172. Appellant admitted to police that other drugs found in the GMC belonged to him. Appellant was also discovered with several hundred dollars in denominations of twenty-dollar bills and less, even though he told the officers at the scene that he was unemployed.

{¶ 18} Based on the foregoing direct and circumstantial evidence, viewed in a light most favorable to the prosecution, the finder of fact could have reasonably concluded that appellant was at least in constructive possession of the 41.6 gram bag of

methamphetamine; thus, we hold the evidence was sufficient as a matter of law for this portion of the drug possession conviction at issue.

*Possession of 9.11 Grams of Methamphetamine*

{¶ 19} Appellant next challenges his conviction for possession as to the 9.11 grams of methamphetamine found by law enforcement officers in a bag in the vehicle's ashtray.

{¶ 20} It is undisputed that appellant identified the methamphetamine inside the vehicle as his. Appellant presently contends, however, that an inference could be properly drawn that he was simply trying to protect his girlfriend, Ms. Glass, by making such a claim. He further points out that the officers arrested both appellant and Glass, suggesting that there was an uncertainty about possession of this portion of the seized drugs from the outset of the case.

{¶ 21} Again, however, upon review, we conclude the finder of fact could have reasonably concluded that appellant was at least in constructive possession of the 9.11 gram quantity of methamphetamine in the ashtray; thus, we hold the evidence was sufficient for this portion of the drug possession conviction at issue.

*Evidence Tampering Conviction*

{¶ 22} Appellant finally challenges his conviction for tampering with evidence.

{¶ 23} R.C. 2921.12(A)(1) states: "No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall *** [a]lter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation."

{¶ 24} Knowledge that a criminal investigation is under way or is imminent is based upon a reasonable person standard. *State v. Mann*, Clermont App.No. CA2006-05-035, 2007-Ohio-1555, ¶11, citing *State v. Edwards,* Erie App. No. E-01-010, 2003-Ohio-6372, ¶ 69.

{¶ 25} In his brief, appellant first maintains that "there is simply no evidence that tends to establish that Mr. Snyder knew that an investigation was underway or about to be commenced *into his possession of a controlled substance*." Appellant's Brief at 17-18, emphasis added. We find this claim unpersuasive, as the statute does not require a showing of knowledge by the accused as to a particular focus of an investigation. In the case sub judice, a rational trier of fact could have found that a police officer in a cruiser had arrived on the scene on a domestic violence call and was directing appellant to cease leaving the area when the bag of drugs was dropped. Thus, the trier of fact could have determined beyond a reasonable doubt that a reasonable person would have been aware of a commenced investigation.

{¶ 26} Appellant also maintains that the State failed to prove that appellant altered, destroyed, concealed, or removed the bag of drugs, and that he did so with purpose to impair the value or availability of the drugs as evidence. However, the record indicates that appellant moved away from the GMC toward a nearby structure, next to which were some bushes, in which vicinity he "tossed" the bag of methamphetamine. Viewed in a light most favorable to the prosecution, we hold there was sufficient evidence presented of appellant's concealment of the contraband evidence with purpose to impair its availability in a potential drug case against him.

{¶ 27} Based on the foregoing, appellant's First, Second, and Third Assignments of Error are overruled.

{¶ 28} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Licking County, Ohio, is affirmed.

By: Wise, J.

Farmer, P. J., and

Edwards, J., concur.

_____

_____

_____

                                              JUDGES

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


THE STATE OF OHIO      :
             :
  Plaintiff-Appellee    :
             :
V            :     JUDGMENT ENTRY
             :
RICKEY D. SNYDER, JR.     :
             :
  Defendant-Appellant   :    Case No. 11 CA 33


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.

Costs assessed to appellant.


            _____


            _____


            _____
                JUDGES