[Cite as *State v. Buckius*, 2025-Ohio-1820.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. Andrew J. King, P. J. |
|  | : | Hon. Robert G. Montgomery, J. |
| Plaintiff-Appellee | : | Hon. Kevin W. Popham, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No.   24CA000021 |
| SCOTT A. BUCKIUS | : |  |
|  | : |  |
|  | : |  |
|  | : | <u>OPINION</u> |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:     Appeal from the Guernsey County Court of Common Pleas, Case No. 23CR000184

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     May 20, 2025

APPEARANCES:

For Plaintiff-Appellee

For Defendant-Appellant

MICHAEL GROH
1938 E. Wheeling Avenue
Cambridge, OH 43725

*Popham, J.,*

**{¶1}** Appellant Scott A. Buckius appeals from the judgment entry of the Guernsey County Court of Common Pleas. Appellee is the State of Ohio.

*Facts & Procedural History*

**{¶2}** On October 24, 2023, appellant was charged with one count of tampering with evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree, and one count of possession of a controlled substance (fentanyl-related compound), in violation of R.C. 2925.11(A), a felony of the third degree. On March 26, 2024, the trial court held a jury trial on these charges.

**{¶3}** Officer Jared Eubanks ("Eubanks") was on patrol on June 15, 2023, at approximately 9:00 a.m. As Eubanks was traveling westbound on Clay Avenue, he observed appellant walking on the driver's side of his cruiser. Eubanks identified appellant in court. When Eubanks first observed appellant, appellant was just behind Speedy Print. Eubanks believed appellant had an active warrant out for his arrest, but he wanted to confirm his belief with dispatch.

**{¶4}** While Eubanks was waiting for dispatch to respond, he passed appellant at a very low rate of speed. Eubanks watched appellant in the rearview mirror because he "didn't want [appellant] to run." Eubanks was paying particular attention to appellant at the time, as he was afraid appellant would run, or hide, because, again, Eubanks believed there was an active warrant for appellant's arrest. Eubanks stated appellant "definitely saw me," because Eubanks was in a marked police cruiser less than five or six feet from appellant. As Eubanks passed appellant at a very low rate of speed, Eubanks observed appellant's body move towards a small pine tree. Eubanks was approximately ten to

fifteen feet away from appellant at that point. When Eubanks described the area in which appellant was walking, he stated there is a telephone pole to the right and the pine tree sits on the side of a residence. Eubanks testified appellant "bladed his body", or turned his body, and then tossed an item from his hand into the pine tree. Eubanks demonstrated appellant's hand movement to the jury. Eubanks confirmed he was making a gesture like he was throwing something from his hand. After appellant threw something into the tree, he continued walking.

{¶5} Eubanks had a dash cam in his cruiser. However, the dash cam did not capture any video of appellant throwing the item into the pine tree because the dash cam captures only forward-facing video, and Eubanks viewed appellant's actions from his rear-view mirror. Soon after Eubanks passed appellant, dispatch contacted him to confirm appellant had an active felony warrant out of Guernsey County.

{¶6} Once Eubanks confirmed the warrant, he exited his cruiser and called appellant, who was walking on the sidewalk, to the front of the cruiser. Pursuant to the warrant, Eubanks took appellant into custody and placed appellant in the rear of the cruiser. At that point, Seargent Baker ("Baker") arrived to assist Eubanks. While Baker monitored appellant, Eubanks went to see if he could locate the item appellant tossed into the tree. Eubanks testified, "I walked down to the area where the pine tree was. I kind of bent down. As I bent down, I found a – it was a clear baggie that had a rock-like purple substance that was inside the baggie. And it was pulled from the lower branches and ground area from the tree." Based upon his experience, Eubanks believed the substance in the baggie was fentanyl.

**{¶7}** Eubanks returned to the cruiser and asked appellant what was in the baggie. Appellant denied tossing the baggie into the tree and became agitated, accusing Eubanks of "planting" the baggie. Eubanks denied "planting" the baggie and testified he pulled the baggie from the base of the tree area. Eubanks stated there was no one else in the area when this occurred, except for himself, appellant, Baker, and, after appellant was already in the cruiser, an older gentlemen pushing a cart. At the time Eubanks saw appellant throw something in the tree, there was no one else walking around, traffic was very light, and he did not see anyone sitting outside.

**{¶8}** Before Eubanks left the scene, he placed the baggie into a sealed evidence bag in his cruiser where it remained until he took the sealed bag back to the police department. Eubanks took appellant to the jail, but the nurse at the jail told Eubanks to take appellant to the hospital due to a swollen leg. While Eubanks was at the hospital, the baggie was secured in his cruiser. When Eubanks arrived back to the police station, he took the baggie into the evidence room.

**{¶9}** Eubanks confirmed on cross-examination that he was able to see appellant because, as he passed, he immediately started watching appellant in the rear-view mirror and was only ten to fifteen feet away from appellant.

**{¶10}** The parties stipulated to a NMS Lab report. The lab tested the substance in the baggie, and identified it as 6.27 grams of a fentanyl-related compound. The parties stipulated the analysis was conducted in accordance with all Ohio regulations and standards, and in compliance with Ohio law. Further, they stipulated that the substance tested weighed 6.27 grams, and the substance is a compound mixture, preparation, or substance that contains a fentanyl-related compound, a controlled substance.

{¶11} The jury found appellant guilty of both charges, and additionally found the fentanyl-related compound equaled or exceeded 5 grams, but was less than 10 grams. On March 27, 2024, the trial court memorialized the jury's verdict in a judgment entry of conviction.

{¶12} On May 9, 2024, the trial court held a sentencing hearing and sentenced appellant as follows: 36 months in prison on the tampering with evidence charge and 36 months in prison on the possession of a controlled substance charge, to be served consecutive to each other, and consecutive to the sentence imposed in Case No. 24-CR-38, for an aggregate minimum prison term of 12 years (4 years mandatory) and an aggregate maximum prison term of 14 years. On May 10, 2024, the trial court issued the judgment entry of sentence.

{¶13} Appellant appeals the May 10, 2024, judgment entry of the Guernsey County Court of Common Pleas and assigns the following as error:

{¶14} "I. THERE WAS INSUFFICIENT EVIDENCE TO FIND APPELLANT GUILTY OF TAMPERING WITH EVIDENCE AND POSSESSION IN GUERNSEY COUNTY COMMON PLEAS COURT CASE NO. 23CR000184."

{¶15} "II. APPELLANT'S CONVICTION FOR TAMPERING WITH EVIDENCE AND POSSESSION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

## ASSIGNMENTS OF ERROR

{¶16} In appellant's assignments of error, he argues the convictions are against the manifest weight and sufficiency of the evidence.

{¶17} Sufficiency of the evidence: The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259 (1991), in which the Supreme Court of Ohio held:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

{¶18} Manifest weight of the evidence: In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380 (1997). Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.* at 387.

**{¶19}** It is well-established, though, that the weight of the evidence and the credibility of the witnesses are determined by the trier of fact. *State v. Yarbrough*, 2002-Ohio-2126. The jury is free to accept or reject any and all of the evidence offered by the parties and assess the credibility of the witness. *Id.*

**{¶20}** Appellant was convicted of possession of a controlled substance (fentanyl-related compound) in violation of R.C. 2925.11(A), which provides, "no person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." Appellant was also convicted of tampering with evidence in violation of R.C. 2921.12(A), which provides, "No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following: (1) alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation . . . .".

**{¶21}** Appellant argues since Eubanks testified "something came out of [appellant's] hand" and could not positively identify what exactly he saw appellant throw, no reasonable trier of fact could have found appellant possessed the baggie that was later found in the tree.

**{¶22}** "Possess" or "possession" means having control over a thing or substance, and may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the things or substance is found. R.C. 2925.11. In order for an appellant to have possession, "the evidence must demonstrate that the defendant was able to exercise dominion or control over the items." *State v. Wolery*, 46 Ohio St.2d 316, 329 (1976).

{¶23} Dominion and control may be proven by circumstantial evidence alone. *State v. Jenks*, 61 Ohio St.3d 259 (1991). Circumstantial evidence is that which can be "inferred from reasonably and justifiably connected facts." *State v. Fairbanks*, 32 Ohio St.2d 34, 35 (1972). Circumstantial evidence is to be given the same weight and deference as direct evidence. *Jenks* at 265.

{¶24} Here, while Eubanks did not know what came out of appellant's hand at the time he threw it, Eubanks definitively testified he saw appellant throw something out of his hand into the pine tree. A short time later, Eubanks walked over to the pine tree and found the baggie. Eubanks testified that in the short time between appellant tossing the item into the tree and his finding the baggie in the tree, there were no other individuals in the area, and the baggie was found very close to where Eubanks initiated the stop. The jury, as the trier of fact, was free to accept or reject any or all evidence offered, and assess Eubanks' credibility. *State v. Johnson*, 2015-Ohio-3113 (5th Dist.). Trial counsel for appellant extensively cross-examined Eubanks. The jury had the opportunity to consider the testimony of Eubanks and determine his credibility. *State v. Sanders*, 2006-Ohio-5355 (5th Dist.).

{¶25} Viewed in a light most favorable to the prosecution, the finder of fact could have reasonably concluded appellant possessed the baggie containing the fentanyl-related compound based on Eubanks' testimony; thus, we hold the State presented sufficient evidence from which a reasonable trier of fact could conclude appellant possessed the baggie containing the fentanyl-compound recovered by Eubanks. *State v. Peacock*, 2017-Ohio-2592 (3rd Dist.) (mere fact that officer's eyesight was less than perfect does not weigh heavily against conviction); *State v. Williams*, 2005-Ohio-1597;

*State v. Snyder*, 2011-Ohio-5510 (5th Dist.) (conviction not against manifest weight or sufficiency of the evidence when officers found drugs where defendant stopped at corner, paused, and turned back around).

**{¶26}** Appellant argues there exists no video evidence that shows appellant tossing the baggie into the tree where it was ultimately recovered by Eubanks and, thus, the jury lost its way in believing Eubanks' testimony regarding appellant's possession of the baggie. We disagree. We find the jury did not lose its way in believing the testimony of Eubanks. Eubanks explained that his dash cam records the view from the front of his cruiser; however, Eubanks viewed appellant throw the item into the tree via his rear-view mirror. There was no other reason for Eubanks to check for items in or around the tree. The jury as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the credibility of the witnesses. *State v. Miller*, 2018-Ohio-3481 (5th Dist.).

**{¶27}** As to the tampering charge, appellant contends that since there was insufficient evidence to convict appellant of the possession charge and/or the possession charge was against the manifest weight of the evidence, there was thus insufficient evidence appellant was tampering with the evidence, because appellant did not possess the substance to tamper with. However, as detailed above, we find there was sufficient evidence for a rational trier of fact to convict appellant of the possession charge and the possession charge was not against the manifest weight of the evidence. After viewing the evidence in a light most favorable to the prosecution, we find a rational trier of fact could have found the essential elements of the crime of tamping with evidence beyond a reasonable doubt. The State produced evidence appellant was aware, based on his

active warrant at the time he discarded the baggie containing the fentanyl-related compound, of the likelihood that an official proceeding may occur, vis-à-vis an arrest pursuant to the warrant. Eubanks testified appellant "definitely saw me," because Eubanks was in a marked police cruiser, less than five or six feet from appellant.

{¶28} This is not the case where the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. The jury verdict finding appellant guilty of possession of a controlled substance and tampering with evidence was not against the manifest weight or sufficiency of the evidence.

{¶29} Based on the foregoing, appellant's assignments of error are overruled. The judgment entry of the Guernsey County Court of Common Pleas is affirmed.

By Popham, J.,

King, P.J., and

Montgomery, J., concur